**Case No. 20-4275**

_____

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHARLES URBAN,
*Defendant-Appellant.*

**On Appeal from the United States District Court**
**for the Northern District of Ohio**
**Eastern Division**

**Case Number 1:18-cr-00750-1**

_____

**Brief of Defendant-Appellant**

_____

DONALD BUTLER
1220 W. 6th Street, Suite 203
CLEVELAND, OHIO 44113
(216) 621-2929

*Counsel for Appellant Charles Urban*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF SUBJECT MATTER ANDAPPELLATE JURISDICTION ...... 1

STATEMENT OF THE ISSUES PRESENTED..................................................... 2

STATEMENT OF THE CASE AND RELEVANT FACTS ...................................3

SUMMARY OF ARGUMENT................................................................ 8

ARGUMENT…………………………………………………………………..9

I.    THE SENTENCE IMPOSED BY THE DISTRICT COURT WAS
      UNREASONABLE AND CONTARY TO LAW WHEN THE COURT
      IMPOSED AN UPWARD VARIANCE THAT IS "GREATER THAN
      NECESSARY" TO ACHIEVE THE SENTENCING GOALS OF 18
      U.S.C. § 3553(a)…………………………………………………………9

CERTIFICATE OF SERVICE...................................................................15

CERTIFICATE OF COMPLIANCE ......................................................... 16

ADDENDUM: DESIGNATION OF RELEVANT DISTRICT COURT
DOCUMENTS ...................................................................................... 17

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                    **Page**

*Kimbrough v. United States,* 552 U.S. 85, 109, 128 S.Ct. 558,
169 L.Ed.2d 481 (2007)…………………………………………………..…………10

*Gall v. United States*, 552 U.S.38 (2007)……………………………….…..8, 9, 11

*Peugh v. United States,* 569 U.S. at 541, 133 S.Ct. 2072…………………………..10

*Rita v. United States,* 551 U.S. 338, 348-50, 127 S.Ct. 2456,
168 L.Ed.2d 203 (2007)…………………………………………………….……….10

*Rosales-Mireles v. United States,* 201 L.Ed.2d 376 (2018)…………..…………..10

*United States v. Johnson,* 934 F.3d 498, 499 (6th Cir. 2019)………………..………12

*United States v. Lee*, 974 F.3d 670 (6th Cir. 2019)…………………………………10

*United States v. Perez-Rodriguez,* 960 F.3d 748, 754 (6th Cir. 2020)………………10

*United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)…………..…………….9

*United States v. Solano-Rosales,* 781 F.3d 345, 356 (6th Cir. 2015)………………..11

*United States v. Trejo,* 729 Fed. Appx. 396, 399-400 (6th Cir. 2018)……..…………12

**FEDERAL STATUTES**

18 U.S.C. § 1291 ...........................................................................………..1

18 U.S.C. § 3553…………………………………………………………8, 9, 11, 13

18 U.S.C. § 3742…………………………………………………………………….1

## FEDERAL RULES OF APPELLATE PROCEDURE

FRAP 32(a)(7)(B) ............................................................................... 17

## SIXTH CIRCUIT RULES

Sixth Cir. Rule 11(b) ........................................................................ 16

Sixth   Cir. Rule 32.2 ....................................................................... 17

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal of a sentence imposed by the United States District Court for the Eastern District of Ohio on October 28, 2020.  (5:18-cr-00750-1 Doc #47 Page ID #277) The District Court originally exercised jurisdiction under 18 U.S.C. §3231. This Court has jurisdiction over this appeal pursuant to18 U.S.C. §3742(a)(2) and 28 U.S.C. § 1291. Mr. Urban timely filed a Notice of Appeal on December 7, 2020. (Notice of Appeal, R. #45, Page ID #224.)

## STATEMENT OF THE ISSUES PRESENTED

I.    WHETHER THE SENTENCE IMPOSED BY THE DISTRICT COURT
      WAS UNREASONABLE AND CONTARY TO LAW WHEN THE
      COURT IMPOSED AN UPWARD VARIANCE THAT IS "GREATER
      THAN NECESSARY" TO ACHIEVE THE SENTENCING GOALS OF 18
      U.S.C. § 3553(a).

## STATEMENT OF THE CASE AND RELEVANT FACTS

Appellant  - Charles Urban – was charged in an eight-count indictment on December 19, 2018.  The indictment alleged eight counts of illegal drug distribution in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Indictment. 1:18-cr-00750-CAB Doc #: 1 PageID #: 1.  Mr. Urban's case proceeded through the pretrial and discovery stages.  On October 26, 2019, Mr. Urban entered into a plea agreement with the government.  On October 28, 2020, the district court conducted Mr. Urban's plea and sentencing hearing by Zoom meeting.  Transcript (Tr.) 1:18-cr-00750-CAB Doc #: 47 PageID #: 3.  The Court reviewed the plea agreement with Mr. Urban and accepted his guilty plea to the eight-count indictment.  Tr., Doc#47 PageID #251.  The Court immediately moved to the sentencing phase.  Id.

 Mr. Urban's attorney spoke first at the sentencing hearing, noting that Mr. Urban accepted responsibility for his actions stating,

> "When you are a Criminal History Category V and you have an
> offense level of 8, I think he has more than demonstrated his
> acceptance of responsibility and cooperation, and I would ask that
> you note that in imposing a fair, just sentence in this matter."

Tr., Doc #47 PageID #252.  Furthermore, Mr. Urban's attorney noted that,

> "I would just ask you to note the contents of that letter that he sent
> to you as relates to sentencing. I believe, Judge, he has been incarcerated
> now for 21-22 months, and based on his offense level, which is 8, I think
> that is more than a sufficient sentence to punish him for his conduct in this
> matter."

Tr., Doc. #47 PageID #253.  Mr. Urban's attorney closed his remarks by noting

that Mr. Urban is a very intelligent individual, he is a very conscientious person,

and I think that he just gets off on these wrong tracks."  Tr., Doc.#47 PageID #

254.

Next Mr. Urban spoke at the hearing, stating,

> "You know, what I do realize, the impact of my behavior, how it
> negatively affects the community, the resources, my family,
> and myself as well as all other individuals, and I am remorseful
> for my actions, and I stand before you by way of zoom today.
>
> And I can honestly say that I will not commit any further crime,
> and I beg for your mercy and leniency in my case.
>
> And that's it, your Honor."

Tr., Doc. #47 PageID #255.

Following Mr. Urban, the Court allowed the prosecutor to speak on behalf of

the Government.  The prosecutor noted that while Mr. Urban is a highly intelligent

individual, he has an extensive criminal history that includes long periods of

incarceration.  Tr., Doc. #47 PageID #255-256.  The prosecutor opined that Mr.

Urban has a mental health issue, stating,

> "I really think he needs mental health treatment. I think he needs
> to be on medication because it just -- when you talk to him, it
> doesn't -- and then you look what it is on paper -- obviously, his
> upbringing, he has had a terrible upbringing in terms of his parents,
> family support, et cetera. I am sure that had a role in it, but I really
> believe he has got a significant mental health history or issue."

Tr., Doc. #47 PageID #257.  The prosecutor requested an upward departure from

the sentence recommended by the sentencing guidelines (15-21 months) based

upon Mr. Urban's Criminal History, the nature of the offense and the 5K2.2
serious harm caused by the drugs sold by Mr. Urban.  Tr., Doc. #47 PageID #257.
The prosecutor noted that Mr. Urban had essentially served his entire sentence
awaiting trial, unless the court avails itself of an upward variance:

> "It is a really difficult case, your Honor, in terms of Mr. Urban because,
> as I said, I see a kid who is -- excuse me, not a kid -- an adult, seems
> intelligent, but I am afraid that if let out in the community in terms of
> the guideline range, the guideline range as this Court is well aware is
> 15 to 21 months, he has pretty much served that sentence.
> I think he needs to go to a facility for, at least, a couple more years. *  *"

Tr., Doc. #47 PageID #258.  The Court provided the 3553(a) analysis after the
prosecutor finished speaking.  The Court recited the basic facts of the drug
transactions, noted that there was no obstruction by Mr. Urban, and the Court
acknowledged that Mr. Urban had accepted responsibility.  Tr., Doc. #47 PageID
#260-261.  The Court recited Mr. Urban's criminal history which includes
domestic violence, breaking and entering, disorderly conduct, assault aggravated
menacing, petty theft, RSP and burglary – all of which occurred while Mr. Urban
was a juvenile.  As an adult, Mr. Urban's offenses include burglary, possession of
criminal tools, attempted burglary with a firearm specification, burglary, no
driver's license, the manufacture/possession of drugs, possession of marijuana and
abduction.  Tr., #47 PageID #262.

The Court noted Offender Characteristics, stating,

> "Mr. Urban was born in 1983, raised initially by his parents.
> They had problems. The grandparents stepped in. Grandmother had

a drinking problem. Both grandparents were emotionally and physically abusive towards him.  He reports being exposed to drug use and violence at a young age. Parents' divorced in '86; did not see his father again until '99. Father was a roofer by trade; died in 2011 of a drug overdose. Reunited with his mother when he was in seventh grade and started getting into trouble.  The grandma passed away in 2020. * * * Diagnosed bipolar, diagnosed with anxiety disorder back in 2014. Since he has been incarcerated, he had approximately ten mental health sessions."

Tr., Doc. #47 PageID #263-264.  Despite having disciplinary problems in school, Mr. Urban has self-taught himself Spanish, Portuguese, and Italian.  Tr., Doc. #47 PageID #266.  Mr. Urban plans to continue in a coding program at Case Western Reserve University and he has worked in sales at AT&T.  Id.

Before addressing the issue of departing from the sentencing guidelines, the Court noted given the appropriate offense level for Mr. Urban is an 8 and Category V for the criminal history for a sentencing range of 15 to 21 months. Tr., Doc. #47 PageID #267.  The Court went on to identify provision 5A2.0, aggravating or mitigating circumstances as grounds for departure.  Tr., Doc. #47 PageID #268.  The Court pointed out the seriousness of Mr. Urban's offense selling drugs and how it affects the public.  The Court noted that Mr. Urban is lucky that the quantities of drugs were so low in this case that the sentence is therefore lower.  Tr., Doc. #47 PageID #272.

The Court then address why it was going to use an upward variance here. The Court noted that Mr. Urban exhibits narcissistic tendencies in addition to the bipolar diagnosis.  Tr., Doc. #47 PageID #272.  The Court found aggravating

6

factors outweighed the mitigating factors of Mr. Urban's formative years. The

Court cited Mr. Urban's criminal record, high risk of recidivism, history of

violence, and selling drugs as the reason for the aggravating circumstances. Tr.,

Doc. #47 PageID #277.   The Court then imposed Mr. Urban's sentence by stating

the following,

> "All right. Range is 15 to 21 months.
>
> In my sentencing, I am not going to put as much weight, although
> some obviously on the non fatal overdose, as I am for the risk of
> recidivism. Yes, the non fatal overdose is serious, is important,
> but that was a redistribution.
>
>       * * *
>
> Mr. Urban, it is the judgment of this Court that you are committed to
> the custody of the Bureau of Prisons for a term of 36 months on each
> count: Will run concurrently. The Court finds a necessity for an upward
> variance because of the high, high risk of recidivism, need for deterrence,
> circumstances of the offense, including the non fatal overdose and,
> obviously, the need for public protection.
>
> I can't send you to prison for a longer time based upon the rehabilitation.
> I am forbidden from doing that. I am sending you on the recidivism and
> the other things I mentioned before."
>
> Tr., Doc. #47 PageID #277.
>
> Mr. Urban's appeal timely follows.

## SUMMARY OF THE ARGUMENT

Defendant Charles Urban appeals his sentence of 36 months' imprisonment for possession of controlled substances with an intent to distribute in violation of 21 U.S.C. §841, a sentence which reflects an upward variance of almost double the high end of Urban's 15 to 21 months guidelines range. The district court imposed this extreme variance primarily due to Urban's criminal history is an abuse of its discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

A district court may vary upward from a defendant's advisory guidelines range based on his criminal history and a specific need for deterrence. *See* 18 U.S.C. § 3553(a). But where, as here, nothing uniquely problematic about the defendant's criminal history demonstrates a specific need for deterrence ***beyond that already captured in the guidelines range***, case law has recognized that some meaningful relationship between the offense of conviction and a defendant's alleged likelihood of reoffending is needed. Because Urban's criminal history has little bearing on the instant offense, it does not justify the upward variance that the district court imposed, which nearly doubled Urban's recommended sentence under the guidelines.  For this reason, the district court abused its discretion and imposed a sentence contrary to the sentencing guidelines expressed in 18 U.S.C. § 3553(a).  Thus, Mr.

Urban's sentence should be reversed and remanded for reconsideration by the

district court.

## ARGUMENT

I.    THE SENTENCE IMPOSED BY THE DISTRICT COURT WAS
      UNREASONABLE AND CONTARY TO LAW WHEN THE
      COURT IMPOSED AN UPWARD VARIANCE THAT IS
      "GREATER THAN NECESSARY" TO ACHIEVE THE
      SENTENCING GOALS OF 18 U.S.C. § 3553(a).

This Court reviews the substantive reasonableness of a sentence for an

abuse of discretion.  *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169

L.Ed.2d 445 (2007). Simply put, a defendant's sentence is substantively

unreasonable if it is too long. *United States v. Rayyan,* 885 F.3d 436, 442 (6th Cir.

2018). A sentence is too long when it is "greater than necessary" to achieve the

sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a)

("The court shall impose a sentence sufficient, but not greater than necessary, to

comply with the purposes set forth in paragraph (2) of this subsection."). These

sentencing goals include the need for the sentence "(A) to reflect the seriousness

of the offense, to promote respect for the law, and to provide just punishment for

the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D).

When determining whether these sentencing goals are met, "district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Rosales-Mireles v. United States,* ___ U.S. ___, 138 S.Ct. 1897, 1904, 201 L.Ed.2d 376 (2018)(emphasis in original) (quoting *Peugh v. United States,* 569 U.S. 530, 541, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013)). "Courts are not bound by the Guidelines, but even in an advisory capacity the Guidelines serve as `a meaningful benchmark' in the initial determination of a sentence and `through the process of appellate review.'" *Id.* (quoting *Peugh,* 569 U.S. at 541, 133 S.Ct. 2072). This is because "in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Perez-Rodriguez,* 960 F.3d 748, 754 (6th Cir. 2020) (quoting *Kimbrough v. United States,* 552 U.S. 85, 109, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)); *see also Rita v. United States,* 551 U.S. 338, 348-50, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (explaining that the Sentencing Commission calculates its guidelines ranges in an effort to carry out the § 3553(a) objectives).

Accordingly, if a district court determines that a defendant's guidelines range fails to properly reflect the § 3553(a) factors (including the need for deterrence), it must provide a "sufficiently compelling" justification for that conclusion. *Gall,* 552 U.S. at 50, 128 S.Ct. 586. In *United States v. Lee*, 974 F.3d 670 (6th Cir. Oct., 25, 2019) this Court stated that, "While we review all

10

sentences for an abuse of discretion, we do not presume that a sentence outside of the guidelines range is reasonable." *See Gall,* at 51, 128 S.Ct. 586; *see also United States v. Solano-Rosales,* 781 F.3d 345, 356 (6th Cir. 2015) ("No presumption of reasonableness applies to sentences that, like the one imposed on [d]efendant, are outside the guidelines range."). Moreover, a greater variance from the guidelines range requires a more compelling justification. *Gall,* 552 U.S. at 50, 128 S.Ct. 586.  Under this framework, Mr. Urban's sentence is substantively unreasonable.

In imposing its sentence, the district court relied too heavily upon Mr. Urban's prior criminal record— offenses which were by far non-drug related and bore no meaningful relationship to the instant offense. In addition, the degree of the variance that the district court imposed is so great that it constitutes an abuse of discretion. By adding 15 months' incarceration onto Urban's sentence, the district court nearly doubled it. What would have been a 15 to 21 months sentence under the guidelines (and practically credit for 'time served' awaiting trial) turned into a 36 month sentence based on the district court's variance.  The record does not justify such a dramatic increase.

The district court purportedly imposed such a significant variance because of Mr. Urban's criminal history and high risk of recidivism. Case law permits a sentencing court to consider a defendant's criminal history in its analysis of the 18 U.S.C. § 3553(a) factors, even when the defendant's guidelines range already

11

reflects it. *See United States v. Trejo,* 729 Fed.Appx. 396, 399-400 (6th Cir. 2018). Significantly, in the cases in which this Court has upheld a district court's decision to vary upward based on a defendant's criminal history— a history which is already captured by the advisory guidelines range— this Court has emphasized the relationship between the instant offense and the defendant's prior offenses. This principle serves an important purpose in limiting a district court's discretion to double count a defendant's criminal history in cases like this one. Where, as here, no uniquely problematic criminal history demonstrates a specific need for deterrence beyond that already captured by the guidelines, then some meaningful relationship between the offense of conviction and the defendant's alleged likelihood of reoffending is needed.

For example, in *United States v. Johnson,* 934 F.3d 498, 499 (6th Cir. 2019), the defendant was sentenced for possession of a firearm with an obliterated serial number. This Court noted that Johnson had "a penchant for illegally carrying firearms," and upheld a 14-month upward variance because the instant offense was the defendant's "fifth firearm conviction" and he had decided to carry a gun "just two days after being released from jail for his last firearm offense." *Id.* at 499-500. The *Johnson* court noted that "Johnson's four prior state gun convictions and his decision to carry a gun just two days after being released from jail for his last firearm offense show that the state courts' punishments did not deter him." *Id.* at 500.

In contrast, in the present case, there is no such meaningful relationship between the instant offense and the vast majority of Mr. Urban's prior criminal history. Mr. Urban's prior drug related criminal activity seems to be confined to a drug manufacturing case, a possession of cocaine case and a possession of marijuana case. According to the record, Mr. Urban did not have a prior drug trafficking case.

These facts readily distinguish Mr. Urban's case from the other cases upholding a district court's conclusion that a specific need for deterrence, beyond that already reflected in the guidelines range, justified an upward variance.

## CONCLUSION

Thus, for the foregoing stated reasons, Charles Urban respectfully requests that this Court either (1) revise Appellant's sentence to 'time served'; or (2) reverse and remand Appellant's case to the District Court to allow that Court the opportunity to adjust Appellant's sentence to be more consistent with the purposes of 18 U.S.C. 3553(a).

Respectfully submitted,

*s/ Donald Butler*

13

Donald Butler
0005968
1220 W. 6th Street,203
Cleveland, Ohio 44113
Telephone: (216) 621-2929

*Attorney for Appellant Charles Urban*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 22, 2021, he had a true and correct copy of the foregoing *Brief of Defendant-Appellant* served upon the Appellee through operation of the Court of Appeals Electronic Filing System, and toAppellant Charles Urban, #66226-060 Hazelton United States Penitentiary, 1640 Skyview Drive, Bruceton Mills, WV 26525 with sufficient postage to carry the same to its destination.

BY:

*s/ Donald Butler*
Donald Butler

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the requirements of the type-volume limitation of Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, as it contains 3,409 words, excluding the table of contents, table of citations, statement in support of oral argument, any addendum, and the certificates of counsel.

*s/ Donald Butler*
Donald Butler

**Case No. 20-4275**

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CHARLES URBAN,
*Defendant-Appellant*.

**On Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division**

**Case Number 1:18-cr-00750-1**

---

**ADDENDUM: DESIGNATION OF RELEVANT
DISTRICT COURT DOCUMENTS**

---

Defendant-Appellant, pursuant to Sixth Circuit Rule 11(b), hereby

designates the following filings in the record of the District Court and this Court as

items to be included in the Addendum:

### *UNITED STATES OF AMERICA V. CHARLES URBAN*,
### U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF OHIO,

### Case Number 1:18-cr-00750-1

| Record Number | Document | Page ID # |
|---|---|---|
| **E.D. OHIO, Case: 1:18-cr-00750-1** | | |
| 1 | Indictment | 1-4 |
| 47 | Plea and Sentencing Transcript | 195-281 |